UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE BELL,<br><br>      Plaintiff,<br><br> v.<br><br>I. BACA, *et al.*,<br><br>      Defendants. | 3:17-cv-0343-MMD-CBC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to enforce settlement agreement (ECF No. 11). No opposition was filed. As more fully set forth below, the court recommends defendants' motion be granted.

**I.  Procedural History**

Plaintiff Eddie Bell ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). At all times relevant to this action, plaintiff was housed at the Northern Nevada Correctional Center ("NNCC"). Plaintiff generally alleges that a physician ordered him to be on 2600-calorie medical diet and defendants refused to carry out the doctor's orders which caused plaintiff weight loss and a slowed healing of his diabetic symptoms (ECF No. 4). The court issued a screening order allowing plaintiff to proceed on his first claim for relief, which alleged deliberate indifference to serious medical needs (ECF No. 3).

On September 25, 2018, an early mediation conference was held in this case before a mediator, and the parties reached a settlement (ECF No. 9). The terms of the settlement were placed on the official court record. The court has reviewed the

recording of the hearing to confirm the settlement. The mediator stated on the record that it would recite the terms of the settlement and that if any party or counsel required clarification or had any questions, that person was invited to so advise the court. The mediator further stated that an essential term of the settlement was that the parties had a binding agreement that day, and the court would canvass the parties and counsel to confirm that they understood and agreed to the settlement terms. The court noted that although the parties had a binding settlement agreement that day, defendants' counsel was to memorialize those terms in a written settlement agreement for the parties' signatures. However, the parties understood and agreed that that fact would be no basis to renege on the settlement.

The terms of the settlement stated on the record and agreed among the parties and counsel were as follows:

1. The NDOC agreed to have plaintiff seen by a doctor for a diabetes evaluation, within thirty (30) days of all parties signing the settlement agreement. At the time of the said doctor appointment the doctor would review and/or prescribe a medical diet if plaintiff's health so required. Plaintiff understood that the agreement regarding a medical appointment and/or medical diet is a one-time medical evaluation and is not a guarantee that he would receive a medical diet. Plaintiff understood that if a medical diet is prescribed that he shall have to renew any prescription as required by NDOC AR's, OP's and/or Medical Directives.

2. That if plaintiff was prescribed a medical diet, a Culinary Supervisor shall allow plaintiff to see/review a one-month sample diet that conforms to whatever diet he was prescribed. Said sample monthly diet shall include calorie count specifications. Plaintiff understood that he would not be provided a copy of said monthly sample diet, and that this is a one-time only review.

3. Plaintiff agreed to stipulate to dismiss with prejudice this case in its entirety within thirty (30) days and this court would retain jurisdiction over the settlement agreement until the stipulation to dismiss is entered.

When the mediator, counsel and the parties put the settlement terms on the record, the mediator inquired of all present if there were any clarifications or questions concerning the settlement. Aside from one question about keeping a copy of the sample diet, plaintiff responded that he had no other questions or clarifications.

Subsequent to the settlement conference, defense counsel drafted a settlement agreement that set forth the terms of the agreement and sent the same to the plaintiff together with a stipulation to dismiss with prejudice (ECF No. 11). Plaintiff thereafter repudiated the agreement and refused the sign the documents. (*Id.*) Defense counsel held a telephone conference with plaintiff on October 24, 2018, wherein plaintiff stated that he would not sign the agreement and dismiss his case with prejudice as agreed. (*Id.*)

## II. Discussion and Analysis

Courts have inherent authority to enforce settlement agreements between parties in pending cases. *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-1014 (9th Cir. 2003). (*cert. granted and judgment vacated on other grounds by Quest Corp. v. Metronet Services Corp.*, 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131, 1136-1138 (9th Cir. 2002); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957, (9th Cir. 1994). Moreover, a material term of this settlement agreement was that the court retained jurisdiction over the settlement until the stipulation for dismissal was lodged with the Clerk of Court.

To enforce a settlement agreement, two elements must be satisfied. *Marks-Foreman v. Reporter Pub Co.*, 12 F.Supp 1089, 1092 (S.D.Cal. 1998). First, the

settlement agreement must be complete. *Id.*, *citing Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); Doi, 276 F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement. *Marks-Foreman*, 12 F.Supp at 1092, citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977), *Doi*, 276 F.3d at 1137-1138. Where parties raise objections after the parties agree to a settlement, the court may rightfully deny such objections. *Harrop*, 550 F.2d at 1144.

The court must first consider whether the settlement agreement was complete. *Marks-Foreman*, *supra*, at 1092. In this case, as in *Doi*, 276 F.3d 1131, the parties spent several hours in private and joint sessions and agreed to a settlement of this case. The parties and counsel then reconvened in open court to place the material terms of the agreement into the record (ECF No. 9). The parties and counsel stated that they understood and agreed that they had a binding settlement that day, that the terms could not be changed, even though a written settlement agreement memorializing the terms would follow. The settlement was complete on September 25, 2018, when the parties agreed to each material term.

The court must then consider whether the settlement agreement was the result of an agreement of the parties or their authorized representatives. *Marks-Foreman*, *supra*, at 1092. There is no dispute that plaintiff and defendants' authorized representative agreed to the stated terms of the settlement, which were later reduced to writing in the settlement agreement, attached as Exhibit A to defendants' motion (ECF No. 11-1).

Finally, plaintiff failed to file an opposition to the motion to enforce settlement agreement (ECF No. 11). Pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.

### III. Conclusion

The parties agreed to the materials terms of the settlement in the case and placed them on the court record. Plaintiff received what he bargained for at the early mediation conference as more fully set forth in the settlement agreement, attached as Exhibit A to defendants' motion (ECF No. 11-1). The bargain is memorialized in the settlement agreement (ECF No. 11-1, Exhibit A) and in the court's record, defendants stand ready and willing to perform in accordance with the agreement, and plaintiff's change of heart with respect to the settlement is no basis to set it aside.

The Court notes that plaintiff has refused to sign the written settlement agreement (ECF No. 11-1, Exhibit A), and the stipulation for dismissal of this case with prejudice. The court anticipates that plaintiff will continue to refuse to sign these settlement documents. Therefore, this court recommends that the District Court grant defendants' motion to enforce the settlement agremnt (ECF No. 11), order that the settlement agreement attached as Exhibit A to defendants' motion be ratified as a binding agreement. The Court further recommends that the defendants be ordered to perform as agreed in the settlement agreement (Ex. A), and the District Court order this case dismissed with prejudice with the parties to bear their own costs and attorney's fees.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**IV.    Recommendation**

IT IS THEREFORE RECOMMENDED that the District Court enter an order as follows:

1. **GRANTING** defendants' motion to enforce the settlement agreement (ECF No. 11), order that the settlement agreement attached as Exhibit A to defendants' motion be ratified as a binding agreement, and attach Exhibit A to its order for the Court's record;

2. **ORDERING** defendants to perform under the terms of the settlement agreement as outlined in Exhibit A; and

3. **DISMISSING** this case with prejudice with the parties to bear their own costs and attorney's fees.

**DATED**: January 17, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**