UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDDIE BELL,<br><br>                              Plaintiff,<br>    v.<br>I. BACA, *et al.*,<br><br>                              Defendants. | Case No. 3:17-cv-00343-MMD-CBC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY |

**I.    SUMMARY**

This is a civil rights action filed by Plaintiff Eddie Bell, who is in the custody of the Nevada Department of Corrections ("NDOC"). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla B. Carry (ECF No. 12) relating to Defendants Renee Baker, Candis Brockway, Jayson Brumfield, Ronald Hannah and John Buchanan's unopposed motion to enforce settlement agreement (ECF No. 11). Plaintiff filed an objection to the R&R (ECF No. 15), and Defendants responded (ECF No. 16). For the following reasons, the Court overrules Plaintiff's objection and adopts Judge Carry's R&R.

**II.    BACKGROUND**

Plaintiff is an inmate in the custody of the NDOC and at all times relevant to this action was housed at Northern Nevada Correctional Center ("NNCC"). Plaintiff generally alleges that a physician ordered him to be placed on a 2600-calorie medical diet, but Defendants refused to implement the doctor's order. (ECF No. 4 at 4.) The Court allowed Plaintiff to proceed on his first claim for relief after screening, which alleged deliberate indifference to serious medical needs. (ECF No. 3 at 6.)

The parties reached a settlement during an early mediation conference held on September 25, 2018. (ECF No. 9.) The terms of the settlement were placed on the

1 record. (*Id.*) Defense counsel drafted a settlement agreement, but Plaintiff repudiated the agreement and refused to sign the documents. (ECF No. 11 at 2.)

**III.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of the parties' objections to the Magistrate Judge's R&R, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

**IV.    PLAINTIFF'S OBJECTION (ECF NO. 15)**

Plaintiff argues that the settlement agreement should not be enforced because Plaintiff is an "elderly man who has a limited education and no grasp of what the

1 | Defense Counsel was attempting to say or negotiate." (ECF No. 15 at 2.) Plaintiff further argues that the NDOC took advantage of his lack of understanding by offering him settlement terms that they were already obligated by law to carry out. (*Id.*) Plaintiff requests another settlement conference where he can be accompanied by a legal assistant. (*Id.* at 3.)

Defendants argue that Plaintiff agreed to the settlement terms on the record and acknowledged that he understood all the terms. (ECF No. 16 at 4.) Defendants also argue that Plaintiff understood the terms because he participated in a lengthy mediation, made his demands known, and acknowledged that he accepted the terms on the record after some argument colloquy between Plaintiff, the mediator, and Defendants. (*Id.* at 5.) Defendants further argue that Plaintiff could have chosen to refrain from settling if he did not understand or appreciate the implications of the settlement. (*Id.*)

The Court agrees with Defendants. "When parties engage in a settlement conference with the Court and then place the essential terms of a settlement on the record, that constitutes a binding, enforceable agreement." *Mitchell v. Nev. Dep't of Corr.*, No. 2:16-cv-00037-RFB-NJK, 2019 WL 247226, at *1 (D. Nev. Jan. 17, 2019) (citing *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137-38 (9th Cir. 2002)). Plaintiff has presented no legal argument why the settlement agreement should not be enforced. Moreover, Plaintiff failed to respond to Defendants' motion to enforce the settlement agreement. Defendants' motion may be granted on that basis alone. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 12) is accepted and adopted in full.

///

It is further ordered that Defendants' motion to enforce settlement agreement (ECF No. 11) is granted. The draft settlement agreement submitted as Exhibit A to Defendants' motion (ECF No. 11-1) and attached to this order constitutes the binding and enforceable agreement between the parties. This case is dismissed under the terms of the agreement as though it were signed by all parties. The Clerk of the Court is instructed to close this case.

DATED THIS 1st day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

THIS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE (hereinafter referred to as the "Agreement") is made and entered into by and among the NEVADA DEPARTMENT OF CORRECTIONS ("NDOC"), on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, correctional facilities, including but not limited to Ely State Prison ("ESP"), successors, administrators, and assigns, including, but not limited to Defendant I. Baca, L. Walsh, R. Baker, C. Brockway, R. Hannah and J. Blumfield, and any other persons named in the Complaint who are or were NDOC employees (collectively referred to as "the NDOC"), and Plaintiff EDDIE E. BELL ("BELL"), Offender No. 79359. Plaintiff and Defendant may collectively be referred to herein as the "Parties" and each may be referred to individually as a "Party."

**I.      RECITALS**

   A.      Defendants are or were NDOC employees;

   B.      Plaintiff EDDIE E. BELL #79359 is an inmate incarcerated within the NDOC system;

   C.      This Agreement addresses and resolves certain disputes arising from and relating to alleged constitutional violations as described in BELL's Civil Rights Complaint ("the Complaint"), styled as follows:

**BELL v BACA**
**Case No.  3:17-cv-00343-MMD-CBC**
**United States District Court, District of Nevada**

   D.      These disputes are in regard to the allegation of deliberate indifference to serious medical needs by Defendants, and any other claims made in the Complaint;

   E.      In reviewing the claims of the Complaint, the NDOC and all individually-named Defendants deny that the NDOC and its employees engaged in any culpable conduct. The NDOC's legal position was at all times, and remains, that BELL's rights were not violated; and,

   F.      Without making any admission of liability on either part, and with there being no prevailing party in this case, the NDOC and BELL have reached a settlement ("Settlement") of their disputes and this litigation. This written Agreement memorializes the Settlement terms reached by and between the NDOC and BELL.

G. The Parties desire to fully and finally release and settle any claims or counterclaims, known or unknown, which were or could have been asserted in the lawsuit as well as any other existing or potential claims between them.

## II. SCOPE OF AGREEMENT

A. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

B. The scope of this Agreement covers ALL events of the disputes herein described, all persons described, and those events or occurrences complained of in the Complaint in the above-listed action, the Court's Screening Order, and all subsequent pleadings filed under the instant docket number;

C. The scope of this Agreement also covers all claims, known or unknown as of the date of this Settlement Agreement, regardless of the nature of those claims, and any disputes, causes of actions, and controversies arising from or relating to the above-listed action, which includes any claims arising from the United States Constitution, the Nevada Constitution, federal and state statutory and administrative law, the Nevada Revised Statutes, and/or common law;

D. Thus, BELL forgoes any legal claims relating to the above-listed action, as against all named Defendants and potential Defendants, as they would relate to the allegations in the Complaint.

## III. AGREEMENT

In exchange for BELL's release of the pending legal claims in the above-listed action against the NDOC and all named Defendants, the NDOC and BELL hereby agree to finally settle all claims, disputes, and controversies, known or unknown, arising from and relating to the disputes in the above-listed action, pursuant to the following terms:

///

///

      A.      The NDOC agrees to have BELL seen by a doctor for a diabetes check, within thirty (30) days of all parties signing this agreement. At the time of said doctor appointment the doctor shall review and/or prescribe a medical diet if BELL's health so requires. BELL understands that the agreement regarding a medical appointment and/or medical diet is a one-time medical evaluation and is not a guarantee that he will receive a medical diet. BELL understands that if a medical diet is prescribed BELL shall have to renew any prescription as required by NDOC AR's OP's and/or Medical Directives.

      B.      That if BELL is prescribed a medical diet, a Culinary Supervisor shall allow BELL to see/review a one month sample diet that conforms to whatever diet he was prescribed. Said sample monthly diet shall include calorie count specifications. BELL understands that he will not be provided a copy of said monthly sample diet, and that this is a onetime only review.

      C.      BELL agrees to stipulate to dismiss with prejudice United States District Court ("USDC") case number Case No. 3:17-cv-00343-MMD-CBC (the above-listed action) in its entirety, which hereby completely releases and forever discharges the NDOC and its past, present, or future officers, directors, attorneys, employees, divisions, predecessors, and successors in interest, administrators and assigns and all other persons, with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all liability, known or unknown, relating to the disputes in the above-listed action.

**IV.    WAIVER OF FEES**

      The NDOC and BELL shall each bear their own attorneys' fees arising from the litigation.

**V.    COMPROMISE, NO LIABILITY, AND ENFORCEMENT**

      This Agreement is a complete compromise of matters involving disputed issues of law and facts relating to the allegations asserted in BELL's (above-listed action) Complaint. Consideration given by the Defendant in exchange for consideration of dismissal of BELL's claims against Defendant asserted in the Complaint is not to be construed and shall never at any time for any purpose be considered an admission of liability on the part of any party. The Parties' sole remedy

to enforce or interpret this Agreement, or to otherwise resolve any disputes that may arise from this Agreement, shall lie in an action for breach of contract commenced in a Nevada state district court applying Nevada law, in the venue where the inmate resided at the time the agreement is executed, seeking specific performance, costs and attorneys' fees, and expressly not money damages. Both parties understand that this provision acts as a forum selection clause, and Nevada rules of contract will apply to the enforcement action. Where state law is to be applied, this Agreement, or the relevant portions thereof, shall be construed, interpreted, and enforced in accordance with the laws, rules of procedure, and/or common law of the State of Nevada.

VI.  **WAIVER**

This is a full and final release applying to all known, unknown, anticipated, and unanticipated damages arising out of the aforesaid claims above identified in this Agreement.

VII.  **BINDING EFFECT UPON SUCCESSORS IN INTEREST**

This Agreement shall be binding upon and accrue to the benefit of the NDOC and BELL and their respective successors and assigns.

VIII.  **REPRESENTATION OF COMPREHENSION OF DOCUMENT**

BELL warrants and represents that BELL was fully advised of his right to be represented by legal counsel of his own selection and was given the opportunity to do so before entering this Agreement; BELL is fully familiar with all the circumstances surrounding the incident(s) from which this Agreement arises; in executing this Agreement, BELL relies wholly upon his own judgment. BELL warrants and represents he has not been influenced in making this Agreement by any representation or statement regarding any matters, made by any person, agent, employee or servant of NDOC, or any representatives of them, all of whom are hereby released BELL acknowledges this agreement is freely and voluntarily entered into and he is not under any type of duress.

///

///

**IX.     CASE DISMISSAL**

BELL agrees to execute a Stipulation and Order to Dismiss with Prejudice ("Stipulation for Dismissal"), dismissing all claims asserted in the above-listed action, understanding that the same is required to be filed with the court.  Thus, counsel for the NDOC will prepare and circulate the Stipulation for Dismissal to BELL for his review and signature along with this Agreement. BELL will sign and return to counsel for the NDOC (the Attorney General) both the signed Stipulation for Dismissal and the Settlement Agreement within two (2) weeks of receipt.

Upon receipt of the signed Stipulation for Dismissal and Agreement from BELL, counsel for the Defendants will forward the Agreement, signed by BELL, to an appropriate NDOC representative for countersignature.  Upon countersigning, counsel for Defendants will file the Stipulation for Dismissal with the USDC, and will direct the items listed above (see Section III) to be honored.

**X.      COMPLETENESS OF DOCUMENT**

This Agreement contains the entire understanding between the parties with respect to the matters set forth herein, and there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the parties hereto relating to the subject matter of this Agreement which are not fully expressed herein.

**XI.     COUNTERPARTS**

This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original.

**XII.    HOLD HARMLESS**

BELL agrees to hold NDOC and its agents and employees harmless from any action, which may result from the implementation of this Agreement.

///

///

///

## XIII. MITIGATING FACTORS

This Agreement is based upon the unique circumstances and mitigating factors relating to this matter and shall not be considered in any legal or administrative proceeding involving any other person for any purpose whatsoever.

## XIV. MISCELLANEOUS

A. The terms of this Agreement are contractual and not mere recitals. The terms of this Agreement shall be binding on all parties and/or their authorized representative's, and the parties' and/or their authorized representatives' signatures hereto shall constitute acceptance of the terms herein.

B. This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada and shall be interpreted as if drafted by both parties.

## XV. SEVERABILITY

The NDOC and BELL agree that, in the event that any portion ("Offending Portion(s)") of this Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable for any reason whatsoever, then those Offending Portions shall be severed from this Agreement, as if they were never incorporated into this Agreement. The NDOC and BELL further agree that if any Offending Portions are so severed from this Agreement, then the remainder of the Agreement shall, nevertheless, survive and remain fully intact, valid, and enforceable.

**THE NEVADA DEPARTMENT OF CORRECTIONS**

By:

**EDDIE E. BELL #79359**
Plaintiff

**Harold Wickham**
Deputy Director

DATED: _____

DATED: _____